DANDOY, Appellant, vs. COUNTY OF MILWAUKEE, Respondent.

*March 5—April 3, 1934.*

*Bert J. Dandoy* of Milwaukee, for the appellant.

For the respondent there was a brief by *William A. Zabel,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* corporation counsel, and oral argument by *C. Stanley Perry,* assistant corporation counsel.

FAIRCHILD, J.   There are several statutes which refer with considerable directness to the fixing of salaries of various county officers and their deputies by the county board.   These statutes relating to the powers of the county boards to create and abolish the positions of deputies, clerks, and assistants and fix the salaries are confused.   This condition has resulted from the method of amending from time to time certain sections of the statutes in an effort to enlarge the powers of the county boards with relation to the employment in county offices of the necessary help.   Sec. 59.15 (1) (e), Stats., reads:

"The county board, at its annual meeting, shall fix the salary or compensation for any office or position . . . created by any special or general provision of the statutes . . . and such salary or compensation may be fixed from time to time at any annual meeting of the county board for the ensuing year; and such power is hereby granted to the county board notwithstanding the provisions of any special or general law to the contrary."

Sec. 59.16 (1), Stats., relates to the appointment of a deputy county clerk, and contains the words: "The county

board may in its discretion, at any meeting, provide a salary for such deputy or deputies."

Sub. (3) of sec. 59.15, Stats., provides:

"The county board may at any time fix or change the number of deputies, clerks and assistants that may be appointed by any county officer and fix or change the annual salary of each such appointee, except that the salaries of the undersheriff and of the register in probate may be changed only at the annual meeting."

It is, of course, understood that the constitutional provision declaring against increasing or diminishing the compensation of a public officer during his term does not apply to a position such as appellant occupies, nor does he hold his position by virtue of a contract as generally understood between himself and the county. We agree with the contention of respondent that the general principle of law is well settled that, unless forbidden or restricted by constitution or statute, the compensation of any officer or employee of a municipal corporation may be increased or diminished during the continuance of his term or period of employment. It has been quite as generally held that while an officer may be appointed or elected for a specific term he is not bound and cannot be compelled to serve for the entire term. Therefore, his election or appointment cannot be considered a contract for hire for a stipulated term. It has been held, therefore, that ordinances and resolutions fixing salaries are not in the nature of contracts with officers for their full term in office and that a municipality is not limited by the rule of contract that might otherwise apply in the case of relationships between employer and employee. 2 McQuillin, Mun. Corp. (2d ed.) p. 259, § 547; 1 Dillon, Mun. Corp. (5th ed.) p. 733, § 423; *Board of Supervisors v. Hackett,* 21 Wis. *613; *State v. Douglas,* 26 Wis. 428; *State ex rel. Martin v. Kalb,* 50 Wis. 178, 6 N. W. 557; *Kollock v. Dodge,* 105

Wis. 187, 80 N. W. 608. In the *Kollock Case* the court said:

"It is well settled that, in absence of any prohibition or restriction, the term of office and the compensation of the officer may be changed by the proper authority, and such change will apply to officers then in office as well as to those thereafter selected."

The appellant is an employee of the county, to be paid at such rate as the county board may determine, and the county board reduced his salary after his appointment and entrance upon the discharge of the duties of the office. The learned trial judge ruled that the act of the county board in so reducing the salary was effective. While there is no claim that partisan or personal feelings existed or influenced the action of the county board in this instance, it is suggested that this power, as it exists, affords an opportunity for the play of these feelings which may result in confusing and unstable conditions. The legislature determines the power that shall be allowed to local governments, and in delegating this broad power to the county board it expressed its confidence in the wisdom and fairness of that institution, and the question for us to determine is whether or not this power of fixing and changing salaries of deputies and assistants may be exercised by the county board at any lawful meeting thereof.

Since 1915 the statute, sec. 59.15 (3), has authorized the county board to do the very things it did in this case now before us. Placing the appointee on this basis is a policy adopted by the legislature in giving broader powers of control to county boards. This section contains the phrase "annual salary." But as there used it is not intended to commit the county to pay a fixed salary for a year whether the position is abolished or not, or whether the position ceases to be worth that amount to the county or not. In the absence of some further statutory regulations so providing,

the employment of a deputy at a specified amount per month or year is an indefinite hiring (*Brooks v. National Equipment Corp.* 209 Wis. 198, 244 N. W. 598) ; for, as stated in the section referred to, the county board may, at any time, fix or change the number of deputies, clerks, and assistants, and fix or change the annual salary of each such appointee. The only exceptions to that rule are that the salaries of the undersheriff and of the register in probate may be changed only at the annual meeting of the board.

The legislative history of ch. 242, Laws of 1915, now sec. 59.15 (3), Stats., and of ch. 190, Laws of 1923, discloses a purpose on the part of the legislature to enlarge the power of the county board in the direction of local self-government and in the matter of fixing and changing salaries of certain appointees. While, as said, this legislation has left the statutes relative to the powers of county boards to create and abolish county offices and to fix the salaries thereof in a somewhat confused and unsatisfactory condition, still the legislation indicates an intention to give to the county board this very power with relation to certain employees.

The question has been presented as to whether the meeting of January 17th was in fact and in law an annual meeting of the county board, and as to this it may be said that the county board of Milwaukee county has the power to continue its annual meetings from time to time until it adjourns *sine die*. Sec. 59.04, Stats.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.