STEWART, Appellant, vs. KENOSHA COUNTY, Respondent.

*September 15—December 7, 1937.*

For the appellant there were briefs by *Geo. W. Taylor,* attorney, and *Matt Taylor* of counsel, and oral argument by *Matt Taylor* and *Calvin Stewart, in pro. per.,* all of Kenosha.

*John P. McEvoy,* district attorney, and *Edward J. Ruetz,* special assistant district attorney, for the respondent.

The following opinion was filed October 12, 1937:

MARTIN, J. The appellant claims that the lawfully fixed salary of his office was reduced during his terms of office and a portion withheld from him, and he brings this action to recover the portion withheld. Appellant was elected to the office of municipal judge of Kenosha county in April, 1929, for a term of four years beginning January 1, 1930. At the time of his election, the salary for the current term was $4,000 per year. The incumbent of the office was also, at the same time, judge of the juvenile court, and for that office he received a salary of $2,000 per year. It was expected that the new incumbent would be both municipal judge and judge of the juvenile court, and receive a salary of $6,000 per year. The municipal court for the county of Kenosha was created by ch. 18, Laws of 1909. The act creating said court provides that the salary of such judge shall be $2,000 per annum until otherwise fixed by the county board, which shall be paid to him monthly by the county treasurer of said county. No action was taken by the county board at its annual session in November, 1928, to fix the salaries of these two judicial offices. The county board, in November of 1929, adopted a resolution to increase the salary of the munic-

ipal judge to $5,000 per year, and decrease the salary of the judge of the juvenile court to $1,000 per year. It appears that at this session of the county board there was a disposition on the part of the board members to make the county judge a full-time officer, and to increase the salary of the county judge, and that the municipal judge be given a salary equal to that allotted to the office of municipal judge and judge of the juvenile court. This agitation arose out of the fact that the jurisdiction of each court, the county court and the municipal court, had been greatly extended and their duties increased, and it was the desire of the members of the county board to transfer the juvenile court to the jurisdiction of the county judge.

The committees of the county board on salaries and on probation were delegated to bring about the desired result, and in December, 1929, those committees conferred with the judges of the courts of record of Kenosha county and reached an understanding that the juvenile court work should be transferred to the county judge, and he be paid a salary of $2,400 as juvenile judge which, in addition to his already fixed salary of $3,600 for his duties as county judge, would give him a total of $6,000; and that the municipal judge's salary be raised to $6,000. It appears that the annual session of the county board, begun in November, 1929, was adjourned to early in January of 1930, and, at the January session, upon report of the agreements reached between the committees of the county board and the judges of the courts of record, the county board adopted a resolution on January 16, 1930, increasing the salary of the municipal judge from $5,000 to $6,000 per year. Appellant entered upon the duties of his office on the first Monday of January, 1930, and has ever since served in the office of municipal judge, having been re-elected in April of 1933 for a four-year term, commencing January 1, 1934.

By resolution, adopted by the county board December 2, 1931, the board attempted to reduce salaries of officers all along the line, and, among other things, attempted to reduce the salary of the municipal judge ten per cent. The appellant protested such action, and addressed a written communication to the chairman and members of the county board, in which he stated:

"I, therefore, most respectfully submit that any act by your honorable body, which now attempts to change or modify said salary, is *ultra vires* unconstitutional and impairs the obligation of a contract."

The resolution of December 2, 1931, became effective as of January 1, 1932. Appellant was paid the full salary of $6,000 per year for the years 1930 and 1931. In 1932 he received $5,400. On November 29, 1932, the county board adopted a resolution which provided that readjustments in salaries should be made according to a scale running from three to ten per cent, without specifying whether the same should be up or down, nor the period when the readjustment should take effect, nor how long it should continue. This resolution was interpreted by the county treasurer as meaning a scaling down. He also interpreted it as taking effect at the beginning of the terms of the officers in January of 1933. The appellant had not then been re-elected for his second term, but was re-elected in April, 1933, for a term of four years, commencing January 1, 1934. However, under the resolution of November 29, 1932, appellant was paid $4,860 for the year 1933 and a like amount for the year 1934. On May 21, 1935, by resolution of the county board, one ten-per-cent cut was restored, so that for the year 1935 appellant received $5,175 and for the year 1936 he received $5,400.

The trial court held that the increase in the salary of the municipal judge to $6,000 in January, 1930, was valid, and

fixed the salary to which appellant was entitled until the board reduced it by its resolution of December 2, 1931, to $5,400 a year, commencing January 1, 1932. The court held the further reduction of appellant's salary, under the resolution of November 29, 1932, to be invalid and ineffectual for several reasons. The trial court said:

"The action of the board on November 29, 1932, appears to have been invalid and ineffectual for several reasons. The time had then arrived when it was the duty of the board, if it acted at all, to act in accordance with sec. 59.15 to fix the salary for the term to begin January 1, 1934. It was restricted to acting under that section. It did not attempt to act in accordance with that law. The resolution adopted on that date did not purport to fix a salary for the term to commence January 1, 1934. It was also ineffective because of its indefiniteness. It did not specify whether the salary was to be raised or lowered, nor when any change should take effect, nor how long it should continue. The resolution was nugatory; and the plaintiff was entitled to have his salary of $5,400 a year thereafter the same as before."

"The general principle of law is well settled that, unless forbidden or restricted by constitution or statute, the compensation of any officer or employee of a municipal corporation may be increased or diminished during the continuance of his term or period of employment." *Dandoy v. Milwaukee County,* 214 Wis. 586, 588, 254 N. W. 98.

Prior to and during the year 1929, sec. 59.15, Stats. 1929, was in effect, excepting sub. (9), which was not enacted until August 8, 1929.

Sub. (1) of sec. 59.15, Stats., provides:

"The county board at its annual meeting shall fix the annual salary for each county officer, including county judge, to be elected during the ensuing year and who will be entitled to receive a salary payable out of the county treasury. The salary so fixed shall not be increased or diminished during the officer's term."

Sub. (9) of sec. 59.15, Stats., provides:

"In this section the term 'county officer' means any elective officer whose salary or compensation is paid in whole or in part out of the county treasury, including salaries or compensation so paid for which compensation is made by the state."

In *State ex rel. Binner v. Buer,* 174 Wis. 120, 128, 182 N. W. 855, it was held that judges were not county officers. It follows that, until the enactment of sub. (9) of sec. 59.15, Stats., on August 8, 1929, said section did not apply to the office of municipal judge of Kenosha county, so the inquiry is, When did sub. (9) of sec. 59.15 become effective as to the office of municipal judge of Kenosha county? By ch. 18, Laws of 1909, which act created the municipal court of Kenosha county, the legislature set the salary of such judge at $2,000 per annum "until otherwise fixed by the county board." The power thus given to the county board was one to change at will the salary fixed by the legislature. The board could change the salary at any time, even during the term of office of an incumbent. Such power in the county board continued until the enactment of sub. (9) of sec. 59.15. Thereafter, the fixing of the salary of the municipal judge according to the terms of said amendment, but not otherwise, would result in making the salary unchangeable during the term of office for which it was so fixed. The time to fix the salary for the term commencing January 1, 1930, in accordance with sec. 59.15, had already passed, and the county board could do nothing under that section, as amended, until the November session preceding the next election for a new term, which would be in November, 1932. The amendment of August 8, 1929, would not apply until the board could act under it. Until then the original power of the board, as provided in the act creating the municipal court of Kenosha county, would control, and the new power, granted under

sub. (9) of sec. 59.15 could not be exercised before the annual meeting of the county board in November, 1932. Only after the board should act in November, 1932, under sec. 59.15, could the salary become fixed for a new term.

When the county board increased the salary of the municipal judge, it was authorized to do so under ch. 18, Laws of 1909. Likewise, when it reduced the salary of the judge by the resolution of December 2, 1931, it had power to do so, and could continue to make changes until it became its duty, under sec. 59.15, Stats., to fix the salary for the next term to begin January 1, 1934. Thereafter it could only act under said section as amended.

The respondent contends that, if the appellant was subject to the provisions of sec. 59.15, Stats., it is entitled under its counterclaim to recover all moneys paid to the appellant in excess of the $4,000, which was the salary as fixed for the municipal judge at the time of the appellant's election in April, 1929. What has been said disposes of respondent's contention in this regard.

The judgment as entered must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on December 7, 1937.