STATE EX REL. SINGER, Respondent, v. BOOS and others, constituting the Annuity & Pension Board of the Employes' Retirement System of the County of Milwaukee, Appellants.

*No. 124. Argued September 30, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 307.)

376

For the appellants there was a brief by *Robert P. Russell*, Milwaukee county corporation counsel, and *John R. Devitt*, assistant corporation counsel, and oral argument by *Mr. Devitt*.

For the respondent there was a brief by *Quarles, Herriott, Clemons, Teschner & Noelke* of Milwaukee, attorneys, and *Laurence C. Hammond, Jr.*, and *W. Stuart Parsons*, both of Milwaukee, and *Stanley A. Jewasinski* of Wauwatosa, of counsel, and oral argument by *Mr. Hammond*.

CONNOR T. HANSEN, J.   The respondent contends that the appellants lack standing on constitutional grounds to raise the issues presented in this case.

The respondent petitioner, a retired Milwaukee county employee, has brought this action against the Annuity & Pension Board on his own behalf and in behalf of other members of the group of retired employees who are similarly situated. The petitioner seeks the additional benefits for himself and others in the group as provided by sec. 201.24 (11.3) of the general ordinances of Milwaukee.

"The general rule has been that a municipality or state agency cannot question the constitutionality of a statute . . . . The general rule is subject to two exceptions: (1) If it is the agency's official duty to do so, or the agency will be personally affected if it fails to do so and the statute is held invalid, and (2) if the issue is of 'great public concern.'" *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. 2d 228, 233, 130 N. W. 2d 806, 131 N. W. 2d 699.[1]

---

[1] *See also Columbia County v. Wisconsin Retirement Fund* (1962), 17 Wis. 2d 310, 116 N. W. 2d 142 (rule applicable to counties); *Marshfield v. Cameron* (1964), 24 Wis. 2d 56, 127 N. W. 2d 809 (rule applicable to towns).

The rule is nominally limited to cases in which a state agency or unit of government is challenging a state enactment. However, it is equally applicable when a county agency is challenging the constitutional validity of a county ordinance when responding to an action commenced against it by an individual seeking to enforce his alleged rights under the ordinance.

In *State ex rel. Sullivan v. Boos* (1964), 23 Wis. 2d 98, 126 N. W. 2d 579, this court held that the duties of the county auditor fit within the first exception to the rule above stated, that it is part of his official duty to so challenge, and that he had such standing. We are of the opinion that in this proceeding the Annuity & Pension Board has standing to raise these issues if it can be determined that one of the two exceptions do, in fact, exist.

Also, this court has held that the two exceptions to the rule apply only in cases where a private litigant is involved.[2] Such is the case now under consideration.

As we view this case, the fundamental question to be resolved is whether public funds are being diverted for a private purpose. This is a question of great public concern and interest.

"When we apply the test of great public concern to the two issues of unconstitutionality raised by the department in the instant case we find one falls within such category and one does not. The issue of whether public funds are being diverted to a private purpose clearly is a matter of great public interest. . . ." *Fulton Foundation v. Department of Taxation* (1961), 13 Wis. 2d 1, 13, 108 N. W. 2d 312, 109 N. W. 2d 285.

In addition, the issues raised by appellants will probably not be raised by an individual taxpayer, since the expense and trouble would be too great. In this connection, this court has held:

[2] *State ex rel. La Crosse v. Rothwell, supra; Kenosha v. State* (1967), 35 Wis. 2d 317, 151 N. W. 2d 36.

"We also recognized that there is a further exception where the question raised is of great public concern, particularly where the circumstances are such that there is little likelihood that a taxpayer or other person whose interests are affected would take the steps required to get a determination of the question." *State ex rel. Sullivan v. Boos, supra,* 101.

Therefore, we determine that the appellants have standing to raise the issues presented in this case.

### Constitutional issues.

The appellants argue that various state and federal constitutional prohibitions bar the increase of a pension for someone who is already retired.

Two constitutional arguments are presented by this statement: (1) That the ordinance violates art. IV, sec. 26 of the Wisconsin Constitution,[3] and (2) that the ordinance authorizes the expenditure of public funds for a private purpose.

### Art. IV, sec. 26.

This court has repeatedly held that the constitutional prohibition in art. IV, sec. 26, applies only to public officers who are paid out of the state general fund.[4] In the instant case, the increased pensions will be paid entirely out of county funds and thus the mandate of art. IV, sec. 26, is inapplicable.

---

[3] "The legislature shall never grant any extra compensation to any public officer, agent, servant or contractor, after the services shall have been rendered or the contract entered into; nor shall the compensation of any public officer be increased or diminished during his term of office . . . ."

[4] *State ex rel. Holmes v. Krueger* (1955), 271 Wis. 129, 72 N. W. 2d 734; *Columbia County v. Wisconsin Retirement Fund, supra.*

*Public Purpose.*

Although there is no specific constitutional clause so stating, the rule is firmly established that there can be no expenditure of public funds for a private purpose.

". . . The rule in Wisconsin is, of course, an exacting one, and this court has sharply limited the spending of public funds and has insisted that the levy of taxes and the expenditure of a government's money be for public purposes only." *West Allis v. Milwaukee County* (1968), 39 Wis. 2d 356, 376, 159 N. W. 2d 36.

The scope of review to determine whether or not a public purpose does exist in a particular case is described as follows:

"In *State ex rel. Thomson v. Giessel, supra,* page 215, we quoted with approval the rule appearing in 81 C. J. S., *States,* p. 1149, sec. 133:

" '. . . a public purpose, is a question for the legislature to decide, with respect to which it is vested with a large discretion, which cannot be controlled by the courts unless its action is clearly evasive. . . . Where a doubt exists whether the purpose of an appropriation is public or private, it will be resolved in favor of the validity of the appropriation . . . .' " *West Allis v. Milwaukee County, supra,* 376.

Thus, if this court can determine that there is any public purpose which serves as a basis for the instant expenditure, the test is satisfied. Stating it conversely, before the expenditure is to be declared invalid, it must be clear that there is no possible public purpose to serve as the foundation for the expenditure.

Both the appellants and the respondent agree that a moral obligation of a governing body is a sufficient public purpose for the expenditure of funds. They differ as to whether the facts in this case give rise to a moral obligation on the part of the county. The appellants strongly

rely on the case of *State ex rel. Smith v. Annuity & Pension Board* (1942), 241 Wis. 625, 6 N. W. 2d 676, to establish that an increase in pensions of retired employees does not constitute an expenditure of county funds for a public purpose.

The respondent, relying on the case of *State ex rel. Holmes v. Krueger (1955), supra,* argues the county has a moral obligation to increase pensions due to loss in pension value caused by inflation, and the increase will put those who retired before January 1, 1967, on a par with employees who retire after that date. The respondent also argues that a valid public purpose exists because the increase in pension will (1) serve as an inducement to other potential employees of the county, thereby enhancing the county's recruitment program, and (2) facilitate bargaining between the county and present employees.

In the *Smith Case,* the legislature enacted a provision which increased the retirement allowance of retired city employees. The exact nature of the *Smith* decision is spelled out in the closing paragraph of the opinion:

"Respondent not being an employee of the city of Milwaukee, nor a member of the employees' retirement system at the time the 1941 amendments became effective, any additional pension paid to him would be for a private purpose." *State ex rel. Smith v. Annuity & Pension Board, supra,* 637.

The *Holmes Case* concerned a legislative enactment which provided that any teacher who had already retired would be entitled to an additional annuity payment if he so elected and paid an additional $100 into the retirement fund. In *Holmes* this court recognized the principle that a moral obligation is a sufficient basis for a public purpose. The court distinguished gratitude from a moral obligation as follows:

" 'It is generally recognized that a moral obligation is more than a mere desire to do charity or to appropriate

money in acknowledgement of a gratitude. It is an obligation which, though lacking any foundation cognizable in law, springs from a sense of justice and equity, that an honorable person would entertain, but not from a mere sense of doing benevolence or charity.'" *State ex rel. Holmes v. Krueger, supra,* 137.

The court then states that:

"Because of the facts, issues, and circumstances in this case we hold that the expenditures authorized under sec. 38.25, Stats., are in satisfaction of a moral obligation and the expenditures are for a public purpose." *State ex rel. Holmes v. Krueger, supra,* 137.

We do not consider the payment of the additional $100 by the beneficiary to be a significant distinguishing factor between *Smith* and *Holmes.* The distinction between these two cases must lie in the changing nature of the public purpose doctrine.

"As said in *Laughlin v. City of Portland* (1914), 111 Me. 486, 90 Atl. 318, and as quoted in *State ex rel. Wisconsin Development Authority v. Dammann, supra,* at 182, 'Times change. The wants and necessities of the people change. The opportunity to satisfy those wants and necessities by individual efforts may vary,' and consequently, 'what could not be deemed a public use a century ago, may, because of changed economic and industrial conditions, be such today. . . . Its two tests are: First, the subject matter, or commodity, must be one "of public necessity, convenience or welfare." . . . The second test is the difficulty which individuals have in providing it for themselves.'" *State ex rel. Warren v. Reuter,* ante, p. 201, 213, 170 N. W. 2d 790.

One of the primary functions of a pension plan is to provide a retired person with sufficient income to live out his remaining days in some semblance of well-being. Because of the effect of inflation on the purchasing power of the dollar, many retired employees cannot do this. Money accumulated by retired employees in pension funds has lost much of its value over the years and most of the retired employees no longer possess any earning power,

making it impossible to recover this loss. It is clear that inflation is much more of an economic factor now than when *Holmes* was decided, and the wants and necessities of retired employees have changed in relation to this economic climate. This fact was recognized by the Milwaukee county pension study commission in its report on the desirability of the proposed ordinance change. Publication of the ordinance, as finally adopted, is prefaced by the report of the commission and includes the following statement:

"The deductions from county pensions for social security benefits has already been eliminated from all employes retiring after January 1, 1967. It appears only that it should also be eliminated from the pensions payable to all retired employes. This will in part make up for the loss in value of the pension of retired employes due to the increase in the cost of living."

Therefore, we arrive at the same conclusion as in the *Holmes Case*. "Because of the facts, issues and circumstances in this case we hold that the expenditures authorized . . . are in satisfaction of a moral obligation and the expenditures are for a public purpose." *State ex rel. Holmes v. Krueger, supra,* 137.

Closely related to the issue of moral obligation is the question of whether elimination of the social security offset also involves a public purpose when the objectives sought through its use are improved collective bargaining along with strengthened recruiting and retention of county employees.

It is recognized that one of the most effective methods to obtain qualified personnel is to provide them with security, and one of the best ways to provide security for an employee is through an adequate pension plan. The strength of the state's interest in this regard was recently restated by this court:

"On at least two prior occasions, this court has declared the subject of pensions for certain public em-

ployees is a matter of statewide concern. While pensions for teachers, policemen, and firemen raise more dramatically the concern of the public, nevertheless pensions for other county employees are of real and abiding interest of the state because of the local execution of its laws and policies by counties. It may be true, the state has lagged behind private industry in providing pensions but the merits, necessity, and purposes of pensions for employees are generally accepted both by employers and employees in and out of government service as part of our way of life. To maintain a high caliber of personnel in government service, governments and units thereof must compete with private industry. In so competing, one method is to offer attractive retirement plans." *Columbia County v. Wisconsin Retirement Fund, supra,* 320.

Thus, the fostering of good, effective and qualified personnel to handle the affairs of the government, whether it be a laborer or an administrator, is a proper public concern.

Since there has been an expressed interest on the part of the governmental bodies of the state to retain qualified personnel, the question then becomes whether the increases to employees who have already retired serve that purpose. However, we need not sift through all the facts and figures surrounding such a proposition and judge the wisdom of methods employed. It is sufficient if the object sought is a public purpose.

"But the respondent does not dispute that public health is a public purpose so much as he argues the appropriation will support a private school which is not a public purpose. This argument confuses the means with the end. An act is constitutional if it is designed in its principal parts to promote a public purpose so that the attainment of the public purpose is a reasonable probability." *State ex rel. Warren v. Reuter, supra,* page 214.

"In *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 549, 90 N. W. 1098, after stating the principle that the determination as to what is in the public interest must rest with the legislature, the court said:

" 'If a public purpose can be conceived which might rationally be deemed to justify the act, the court cannot further weigh the adequacy of the need or the wisdom of the method.' " *State ex rel. Wisconsin Development Authority v. Dammann* (1938), 228 Wis. 147, 176, 277 N. W. 278, 280 N. W. 698.

When a county recognizes the impact an inflationary period is having on the fixed retirement income of its former employees and takes steps to ease that burden, it is probable that prospective employees of the county will consider a county's willingness and ability to meet this type of situation. Thus, it is a reasonable probability that passage of subsection 201.24 (11.3) will achieve the desired public purpose and aid in securing high-caliber personnel.

Appellants also argue that the ordinance, as a contract, is void for lack of consideration. However, a finding of moral obligation obviates any issue of consideration.

"This holding also disposes of the third contention, that the expenditures are void for lack of adequate consideration. The contributions directed by the statute together with the moral obligation are an adequate consideration for the payments." *State ex rel. Holmes v. Krueger, supra,* 137.

In addition, finding that sec. 201.24 (11.3) involves an expenditure for a public purpose precludes any argument that such enactment is not "necessary or desirable for the continued operation of the retirement system." [5] Nor is sec. 201.24 (11.3) a violation of art. IV, sec. 22, of the Wisconsin Constitution. [6]

". . . Each county which is required to establish and maintain a benefit fund pursuant to this act is hereby empowered by county ordinance, to make any changes in

---

[5] Ch. 405 of the Laws of 1965.

[6] "Powers of county boards. SECTION 22. The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."

such benefit fund which hereafter may be deemed necessary or desirable for the continued operation of such benefit fund, but no such change shall operate to diminish or impair the annuities, benefits or other rights of any person who is a member of such benefit fund prior to the effective date of any such change." Ch. 405 of the Laws of 1965.

There is no restriction placed upon the county boards which would in any way impair the enactment of sec. 201.24 (11.3) when that ordinance is for a public purpose.

*By the Court.*—Order affirmed.

HANLEY, J., and ROBERT W. HANSEN, J., took no part.