REUBEN LaFAVE, Chairman, Joint Survey Committee on Retirement Systems
The Joint Survey Committee on Retirement Systems is analyzing 1971 Assembly Bill 541, Assembly Substitute Amendment 1 and other amendments thereto in preparation of the committee report required by sec. 13.50 (6) (b), Stats. You ask my opinion on a number of questions relating to the Bill and its amendments.
Your first question is:
Is the proposal contained in 1971 Assembly Substitute Amendment 1, which would increase retirement allowances of retired members of the Wisconsin Retirement Fund and the Conservation Wardens Pension Fund, in violation of Article IV, Section 26, of the Wisconsin State Constitution?
Article IV, sec. 26, Wis. Const., reads in part: *Page 299 
"The legislature shall never grant any extra compensation to any public officer, agent, servant or contractor, after the services shall have been rendered or the contract entered into; * * *"
Assembly Substitute Amendment 1 to 1971 Assembly Bill 541 provides for increased benefits to State employes already retired and receiving a retirement or disability annuity. The "Augmented Benefits," which are the subject of this amendment, would be available only to former employes retired prior to May 1, 1965. The material portion of sec. 41.11 (14), Stats., which would be created by the substitute amendment, reads:
"41.11 (14) AUGMENTED BENEFITS. (a) Any member of the Wisconsin retirement fund having completed not less than 20 years of creditable service prior to May 1, 1965, receiving a retirement or disability annuity prior to May 1, 1965, and attaining the age of 65 years shall, subject to an appropriation under s. 20.515 (2) (d), be eligible to receive monthly an augmented benefit in an amount equal to $2 for each year of creditable service as a member of the Wisconsin retirement fund (but not to exceed 40 such years), subject to the following:"
Further provisions of the substitute amendment would provide similar "Augmented Benefits" to annuitants under the Conservation Wardens Pension Fund.
It is my opinion that the "Augmented Benefits" provisions of Assembly Substitute Amendment 1 to 1971 Assembly Bill 541 are in violation of Art. IV, sec. 26, Wis. Const. In State ex rel. Thomson v. Giessel
(1952), 262 Wis. 51, 53 N.W.2d 726, the court held unconstitutional additional annuity payments to teachers who were already retired. Section 42.535, Stats. (1951), made available additional retirement benefits to retired teachers by providing that every qualified retired teacher "shall be paid an additional $1 per month for each year of teaching experience." These additional benefits were granted only to teachers who retired before June 30, 1951. The section granting such additional benefits, sec. 42.535, Stats. (1951), became effective thereafter *Page 300 
on July 19, 1951. The court stated on page 55 of Giessel:
"* * * It is apparent, therefore, that this extra compensation is not granted until after the teaching contracts had not only been entered into but the teachers' services had been performed and the teacher had ceased to serve. If it be true, then, that the additional benefits and annuities form extra compensation, which was not granted until after the contracts were entered into or until the services had been rendered, the prohibition of sec. 26, art. IV, Const., renders the legislation void."
After discussing and disposing of various arguments directed to the issue that the "additional benefits" were not prohibited compensation, the court held at page 65:
"* * * we conclude that the effect of sec. 42.535, Stats., is to grant extra compensation to public servants after the services are rendered and to public contractors after the contracts are entered into, in violation of sec. 26, art. IV of the state constitution. * * *"
The requirements for eligibility for the "Augmented Benefits" proposed in Assembly Substitute Amendment 1 to 1971 Assembly Bill 541 are similar to those of sec. 42.535, Stats. (1951), declared unconstitutional in theGiessel case. The substitute amendment requires that a person be retired prior to May 1, 1965, to be eligible for the "Augmented Benefit" so the benefit is clearly not available to State employes presently still employed.
The court in the Giessel case, supra, indicated at page 64 that their holding would be similar were the benefits in question available to all public employes generally and not exclusively to teachers. On page 64 the court stated:
"It has not escaped the attention of the court that a decision sustaining an increase of benefits for already retired teachers would clear the way for legislation increasing benefits for all public employees, including judges, granted by the legislature from time to time after their retirement, and such a decision would be consonant with the selfish interests *Page 301 
of the court. Nevertheless, as we read sec. 26, art. IV, Const., this would involve an exception to a clear and unmistakable command. If exceptions are to be made, they should not come from the legislature or the court but from those whose proper function it is to amend the constitution. When the people determined that the times required state participation in the construction of highways, airports, veterans' housing, and the preservation and development of forests, they adopted amendments to the constitution excepting these interests from the terms of sec. 10, art. VIII, which forbade the state to engage in works of internal improvement. If, now, to underwrite certain contracts against the effects of inflation is deemed, by the people, to be desirable, or if they consider that the cause of public service requires power in the legislature to grant bonuses, apart from compensation, to retired public servants, the road to amending the constitution is well traveled, and in such an amendment guides and limits to legislative and judicial authority can be set in such wise as the people consider best meets the problem to be dealt with and provides safeguards against abuse."
Thereafter on April 3, 1956, Art. IV, sec. 26, Wis. Const., was amended by adding the language:
"* * * This section shall not apply to increased benefits for teachers under a teachers' retirement system when such increased benefits are provided by a legislative act passed on a call of yeas and nays by a three-fourths vote of all the members elected to both houses of the legislature."
The legislature has thereafter further apparently construed the prohibitions of Art. IV, sec. 26, Wis. Const., to apply to State officers and employes since both houses have passed on first consideration Enrolled Joint Resolution 12 which would amend the constitution to extend the teacher exception in Art. IV, sec. 26, to State officers and employes. The proposed amendment to Art. IV, sec. 26, would read:
"* * * This section shall not apply to increased benefits for persons who have been or shall be granted benefits of any kind under a retirement system * * *."
The "Augmented Benefits" provided, by Assembly Substitute Amendment 1 to Assembly Bill 541, to retired State *Page 302 
officers and employes are compensation. Since such compensation is from State funds and since it is payable to persons who are no longer working for the State, it constitutes a clear violation of Art. IV, sec. 26, Wis. Const.
Your second question is:
Could the retirement allowances of retired members of participating municipalities under the Wisconsin Retirement Fund, other than the state, be increased based on State ex rel. Singer v. Boos, 44 Wis.2d 374?
In State ex rel. Singer v. Boos (1969), 44 Wis.2d 374, 171 N.W.2d 307, the court reiterated the principle that Art. I, sec. 26, Wis. Const., applies only to public officers paid out of the State Treasury and held that counties were not precluded from increasing benefits to already-retired employes. The court stated at page 380:
"This court has repeatedly held that the constitutional prohibition in art. IV, sec. 26, applies only to public officers who are paid out of the state general fund. In the instant case, the increased pensions will be paid entirely out of county funds and thus the mandate of art. IV, sec. 26, is inapplicable."
The important distinction between the facts in Singer v. Boos, supra, and the "Augmented Benefits" of Substitute Amendment 1 is the origin of the funds used to pay the benefits. A Milwaukee County ordinance provided the benefits solely from county funds in Singer v. Boos, supra, whereas in the matter at hand, funds come from the state treasury. Section 20.515
(2) (d), Stats., which would be created by the substitute amendment would appropriate from state funds "a sum sufficient to pay the benefits authorized under sec. 41.11 (14)." Since the funds to pay the proposed "Augmented Benefits" to already-retired members of the Wisconsin Retirement Fund, including municipal employe members, would come from State funds, such payment is prohibited by Art. IV, sec. 26, Wis. Const. State ex rel. Thomson v. Giessel, supra. The court makes it clear in Thomson v. Giessel that the term public funds is not synonymous with general fund but covers any public funds of the State. At page 62 the court said: *Page 303 
"* * * Among all the contentions which have been made in this action it has not been asserted that the general fund is not a public fund. The progress of the money which pays the controversial additional annuity is from the general fund, to the contingent fund, to the annuity reserve fund, to the retired teacher. Each of these transfers is said to be for a public purpose but somewhere under the three shells it is asserted that the little pea has shed its public character and become private and, as such, acquired freedom from the restraints of sec. 26, art. IV, Const. We yield to no one in our realization of the intricacies of governmental finance and our admiration of the man who understands it, but we confess inability to follow the taxpayer's dollar from the general fund through the others, each transfer being to effect a public purpose, and arrive at a conclusion that before it gets into the hands of the teacher it has somehow ceased to be public money. To be sure, the constitutional prohibition does not distinguish between public and nonpublic funds. If the time comes when the legislature awards extra compensation payable out of funds which are not public we may have to construe the Article with that in mind, but that question is not presented here. We conclude that the present benefits are payable from public funds and, as the Illinois court held their fund was not a public one, the Illinois cases are not persuasive authority."
Since, therefore, as indicated above the money to pay the augmented benefits originates as a sum sufficient appropriation from the general fund, payment of the "Augmented Benefits" to retired municipal employe members of the Wisconsin Retirement Fund is precluded by Art. IV, sec. 26, Wis. Const.
Your third question is:
Inasmuch as the active and retired members of the Conservation Wardens Pension Fund receive salary paid out of segregated funds and not the state general fund could their retirement allowances be increased?
The sum sufficient appropriation set forth in proposed sec. 20.515 (2) (e) of Assembly Substitute Amendment 1 to 1971 Assembly Bill 541 is from the general fund. As stated *Page 304 
in the excerpt from Thomson v. Giessel, page 62 above, the character of the funds are not altered by passing through other funds on the way to the retiree. I see no distinction in the "Augmented Benefits" as implemented by Substitute Amendment 1 between members of the Wisconsin Retirement Fund and the Conservation Wardens Pension Fund. In both categories the increased compensation to already-retired public employes which has its source from State funds is prohibited by Art. IV, sec. 26. Wis. Const.
Your fourth question is:
The Wisconsin Retirement Fund includes employes of the Department of Natural Resources, the Department of Transportation, employes from other program revenue funded departments and employes from other segregated funds, who receive their salaries from segregated funds. Could these employes have their retirement allowances increased after retirement?
As I stated in answer to your question three above, the "Augmented Benefits" of Substitute Amendment 1 come from the general fund and the character of such funds is not altered by passing through segregated or other funds on the way to the recipient. I am not unmindful of the fact that the court in Singer v. Boos, supra, used language which would indicate that Art. IV, sec. 26, Wis. Const., prohibitions apply only to public officers paid out of the general fund. Such language at page 380 reads:
"This court has repeatedly held that the constitutional prohibition in art. IV, sec. 26, applies only to public officers who are paid out of the state general fund."
In reading the cases cited by the court for this proposition I find no showing that the court intended to change its previous holdings that the payment which is precluded by the constitution is from the State Treasury. I find no indication that the court intended, in Singer v.Boos, to construe Art. IV, sec. 26, Wis. Const., as allowing payment of extra compensation to employes paid from segregated funds rather than the State general fund. *Page 305 
 State ex rel. Holmes v. Krueger (1955), 271 Wis. 129, 72 N.W.2d 734, and Columbia County v. Wisconsin Retirement Fund (1962), 17 Wis.2d 310,116 N.W.2d 142 are cited by the court as authority for the above quoted statement in Singer v. Boos. The Holmes case refers to extra compensationpayable out of the public treasury of the State. No mention is made of the term State general fund. See pages 133 to 136. In the ColumbiaCounty case, the material statement on page 326 reads:
"The Wisconsin Constitution, sec. 26, art. IV, does not apply to counties. Sieb v. Racine (1922), 176 Wis. 617, 187 N.W. 989: Dandoy v.Milwaukee County (1934), 214 Wis. 586, 254 N.W. 98."
Sieb v. Racine (1922), 176 Wis. 617, 187 N.W. 989, at page 625, also uses the language state treasury as follows:
"* * * It has been held that the constitutional provision referred to applies only to public officers whose salaries are paid out of the state treasury."
I, therefore, see no indication that the court intended in Singer v.Boos, supra, to except segregated funds from the constitutional prohibition and I, therefore, consider State employes paid from segregated funds subject to Art IV, sec. 26, Wis. Const.
Your fifth question is:
What is the legal definition of public officers who are paid out of the state general fund? Does it include elective officers, appointive officers or all state employes whether classified or unclassified?
The prohibition of Art. IV, sec. 26, Wis. Const., does not distinguish between public officers and employes. Such section precludes payment of extra compensation to "any public officer, agent, servant or contractor, after the services have been rendered or the contract entered into." InState ex rel. Thomson v. Giessel, supra, the court did not hold that the retired teachers were public officers but that they were servants or contractors and that the legislature could not, therefore, grant them extra compensation. While the court referred *Page 306 
solely to public officers as being precluded from additional or increased compensation in Singer v. Boos, supra, p. 380, I see nothing in such case or the cases cited therein which indicates that the court intended such statement to exclude employes. In light of the language of Art. IV, sec. 26, which applies uniformly to public officers and employes in those respects material to "extra compensation" I see no different result in the application of this provision of the constitution to the "Augmented Benefits" of Substitute Amendment 1.
It is, therefore, my opinion that Art. IV, sec. 26, Wis. Const., precludes payment of the "Augmented Benefits" to "any public officer, agent, servant or contractor." A discussion therefore of the distinction between a public officer and an employe is not necessary to interpretation of Substitute Amendment 1 to 1971 Assembly Bill 541.
RWW:WMS