ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County *Page 178 
You request my opinion as to whether Milwaukee County may provide pension benefits based on service as an officer or employe of the state or an officer or employe of any municipality in Wisconsin other than Milwaukee. It is my opinion that Milwaukee County may, by proper ordinance, amend its retirement system to provide prior service credit for employes based upon service with the state or other municipalities.
The retirement system for county employes in counties having a population of 500,000 or more was created by ch. 201, Laws of 1937. The terms "service" and "prior service" were therein defined in Section 1 as:
"(11) `Service' shall mean service as an employe and paid for by the county.
"(12) `Prior service' shall mean the service of a member as an employe rendered prior to the date of the establishment of the retirement system, either in the service of the county or in the service of any department in any town, village, city or metropolitan sewerage commission in the county, which department has by consolidation or merger been absorbed by the county, * * *."
Chapter 432, Laws of 1945, amended ch. 201, Laws of 1937, to provide a transfer of prior service benefits and contributions under the city of Milwaukee retirement system to the county system. Such amendment reads in part:
"SECTION 1. (Chapter 201, laws of 1937) section 9 (6) is created to read:
"(Chapter 201, Laws of 1937) Section 9 (6) Each member who became or shall become a member after having been a member of a retirement system of a city of the first class established pursuant to chapter 396, laws of 1937, and who shall not have received any withdrawal benefits from such city system shall have all his prior service credits and time of active service as a member and contributions under such city system considered creditable service and contributions in the county system and he shall be entitled to a retirement annuity, pension and all other benefits of membership based upon his accumulated service credits and contributions in both city and county systems to be determined in *Page 179 
all other respects according to the law, rules and regulations applicable to the county system and to be paid from the funds of the county system. * * *"
Thereafter, the legislature determined that the Milwaukee County retirement system was a proper matter for county home rule. Chapter 405, Laws of 1965, Section 2, amended the system as follows:
"(Chapter 201, laws of 1937) Section 21. For the purpose of best protecting the employes subject to this act by granting supervisory authority over each retirement system created hereunder to the governmental unit most involved therewith, it is declared to be the legislative policy that the future operation of each such retirement system is a matter of local affair and government and shall not be construed to be a matter of statewide concern. Each county which is required to establish and maintain a retirement system pursuant to this act is hereby empowered, by county ordinance, to make any changes in such retirement system which hereafter may be deemed necessary or desirable for the continued operation of such retirement system, but no such change shall operate to diminish or impair the annuities, benefits or other rights of any person who is a member of such retirement system prior to the effective date of any such change."
Counties, unlike cities, do not have "home rule" power guaranteed by the Wisconsin Constitution. The Constitution does, however, authorize the legislature to authorize such "home rule" power. Article IV, sec. 22, Wis. Const., reads:
"Powers of county boards. Section 22. The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."
Chapter 405, Laws of 1965, empowers the county to make changes "which * * * may be deemed necessary or desirable for the continued operation of such retirement system." In State ex rel.Singer v. Boos (1969), 44 Wis.2d 374, 171 N.W.2d 307, such provision was broadly interpreted. The court upheld a county *Page 180 
board ordinance which removed a retirement allowance deduction for employes who had retired between 1958 and 1967 and stated at page 386:
"In addition, finding that sec. 201.24 (11.3) involves an expenditure for a public purpose precludes any argument that such enactment is not `necessary or desirable for the continued operation of the retirement system. * * *"
In Singer, the court held proper an ordinance which, in effect, granted retroactive benefits to employes who already had retired. Clearly, then, I may predict that the court would find no fault with an ordinance designed to give credit for prior services rendered by present employes even though such prior service credit resulted from service with another municipality.
Since, as you state in your letter, "the present proposal does not contemplate any reciprocal arrangement" and "the cost of the benefits would be borne entirely by the county," I see no impediment, constitutional or statutory, which would preclude you from granting such prior service credit.
RWW:WMS