KENNETH J. BUKOWSKI, Corporation Counsel Brown County
You request my opinion whether a county board of supervisors has power to reduce the county supplements to the state-paid salary of a circuit court judge between August 1, 1978, and June 30, 1980, provided that the minimum and maximum salary parameters established by the Legislature are complied with.
I am of the opinion that it does have such power by reason of the specific authorization in secs. 20.923 (3m) and 753.071, Stats., as created and amended by ch. 449, Laws of 1977.
Section 20.923 (3m), Stats., reads as follows:
 Circuit judges. The annual salary for any circuit judge, including county supplements paid under ss. 752.016 (2) [753.016 (2)] and 752.071 [753.071] and any other cost of living or salary adjustment paid by a county shall not exceed the midpoint of executive salary group 6 as determined for constitutional and other elected state officials under s. 20.923 (2) (a) (intro.), except that during the period from January 1, 1977, to June 30, 1979, such annual salary shall not exceed the midpoint of executive salary group 6 as determined for constitutional and other elected state officials under s. 20.923 (2) (a) (intro.) in effect for fiscal year 1978-79. Each county shall reduce its county supplement and any other cost of living or salary adjustment paid by the county to any circuit judge in such an amount that the county supplement and such other salary adjustments together with the portion of the annual salary paid by the state does not at any time exceed such maximum amount. The supreme court shall assure that county supplements and such other salary adjustments are lowered as required under this subsection. This subsection does not apply after July 1, 1980.
The references to secs. 752.016 (2) and 752.071 are in error and should be secs. 753.016 (2) and 753.071, Stats. See ch. 418, sec. 208, Laws of 1977, which was the predecessor section of sec.20.923 (3m), Stats., before repealed and recreated by ch 449, secs. 39 and 40, Laws of 1977. *Page 120 
Section 753.071, Stats., provides that:
 JUDGE'S SALARY FROM COUNTY. (1) In every judicial circuit each county may elect to pay to each circuit judge of the circuit a salary in addition to compensation provided by the state except as provided under s. 20.923
(3m). The salary shall be determined by each county on the basis of work load and judicial services performed but not to exceed the salary limitation including supplements under s. 20.923 (3m). The additional salary shall be the same for each circuit judge within the circuit. Except in counties to which s. 753.016 applies, the salary authorized by counties is subject to subch. I of ch. 41 with fund contributions to be paid by the county without reference to whom services are rendered. A county may reduce the additional salary of a judge under this section, except that no such reduction may reduce the judge's total state and county judicial salary below the greater of the following amounts:
 (a) The total state and county judicial salary the judge received as of July 31, 1978.
(b) The salary specified in s. 20.923 (2) (a) 2.
(2) This section does not apply after July 1, 1980.
In requesting my opinion, you state that these two above-cited provisions are in apparent conflict in authority with secs. 59.15
(1), 66.195, and 256.02 (4), Stats., State ex rel. Conway v.Elvod, 70 Wis.2d 448, 234 N.W.2d 354 (1975), as well as Wis. Const. art. IV, sec. 26.
Section 59.15 (1), Stats., reads in part as follows:
 (a) The board shall, prior to the earliest time for filing nomination papers for any elective office to be voted on in the county (other than supervisors and circuit judges), which officer is paid in whole or part from the county treasury, establish the total annual compensation for services to be paid him (exclusive of reimbursements for expenses out-of-pocket provided for in sub. (3)). The annual compensation may be established by resolution or ordinance, on a basis of straight salary, fees, or part salary and part fees, and if the compensation established is a salary, or part salary and part fees, it shall be in lieu of all fees, including per diem and other forms of compensation for services *Page 121 
rendered, except those specifically reserved to the officer in such resolution or ordinance. The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board.
This subsection by its terms expressly excludes circuit judges. Chapter 449, sec. 491, Laws of 1977, denominated all county judges as circuit judges and made the "compensation of county courts and county judges identical to the circuit court and circuit judges." Being a more specific provision, it prevails over the general language in sec. 59.15 (1), Stats., which otherwise would be applicable to county judges. Since county judges now are treated as circuit judges, both in name and for purposes of compensation, sec. 59.15 (1), Stats., does not conflict with secs. 20.923 (3m) or 753.071, Stats., which concern the reduction of supplements to the salaries of circuit judges.
Section 66.195, Stats., which gave a county the authority to increase the salary of a county judge during the term of office, was repealed in full by ch. 449, sec. 177, Laws of 1977.
Section 256.02 (4), Stats., which was renumbered sec. 757.02
(4), Stats., ch. 187, sec. 135 (6), Laws of 1977, provided that:
 The county board is prohibited from reducing the salary or additional salary of a county or circuit judge for the term for which elected.
Section 757.02 (4), Stats., was also repealed in full by ch. 449, sec. 344, Laws of 1977.
State ex rel. Conway v. Elvod, supra, applied only to the attempted reduction by a county to a county judge's county supplement. Citing the then applicable secs. 59.15 (1), 66.195, and 256.02 (4), Stats., the court prohibited such reduction. But since two of the sections relied upon by the court are now repealed, and the third provision in sec. 59.15 (1), Stats., does not apply to circuit judges, the Conway case, supra, has been legislatively nullified, and in any event, is not in conflict with secs. 20.923 (3m) and 753.071, Stats. In Conway, there was no Wis. Const. art. IV, sec. 26 involvement, as the court had held that county judges were not covered by the restrictions therein. See also State ex rel. Sachtjen v. Festge,25 Wis.2d 128, 130 N.W.2d 457 (1964). *Page 122 
Turning to your concern that the new statutory duties to reduce county supplements may violate Wis. Const. art. IV, sec. 26, I first note absurdities which would follow if county supplements fall within the meaning of "compensation" in that section. This section prohibits any change in a judge's compensation during his/her term of office, except that when a change "provided by the legislature . . . become[s] effective as to any . . . judge, it shall be effective . . . as to each of such . . . judges." This would mean that a new judge commencing a new term after August 1, 1978, the effective date of sec. 20.923 (3m), Stats., any reduction compelled for that judge by sec. 20.923 (3m), Stats., also would compel reductions for all sitting circuit judges in the state on the same date. Because of the wide disparity in county practices in providing supplements, it is not reasonable to suppose the intent or purpose of this provision included empowering one county to dictate pay changes statewide. Further, interpreting supplements as "compensation" within Wis. Const. art. IV, sec. 26, also would lead to the absurd result that if another county shortly thereafter should increase the supplement, all other judicial salaries — including those recently reduced — immediately must follow suit. Finally, two counties simultaneously could produce a contradiction, one increasing a supplement and another decreasing it effective the same day, each supposedly having statewide effect.
Ordinarily, the fact of these absurd consequences would justify the conclusion that county supplements are not "compensation" within the meaning of Wis. Const. art. IV, sec. 26, without further discussion. I must note that the court held that they do constitute "compensation" within that section in State ex rel.Sullivan v. Boos, 23 Wis.2d 98, 126 N.W.2d 579 (1964). The court reasoned, 23 Wis.2d at 112:
 Sec. 10, art. VII, forbids compensation to circuit judges in addition to their salary. Sec. 7, art. VII, requires that such compensation be prescribed by the legislature. Sec. 26, art. IV, prohibits an increase, or diminution of compensation during a term. Reading these provisions together, it must follow that no county salary can be paid to a circuit judge unless it constitutes a part of the salary prescribed by the legislature, and whatever salary has been prescribed by the legislature must not be increased nor diminished during the circuit judge's term. *Page 123 
In my opinion, Boos no longer is applicable because of the subsequent amendments to each of the three sections of the constitution on which it relied. I already have noted the absurd consequences which follow if that decision controls current Wis. Const. art. IV, sec. 26, which now gives statewide effect to any change in a single judge's compensation. Moreover, Wis. Const. art. VII, sec. 10, no longer forbids "other compensation than . . . salary," and Wis. Const. art. VII, sec. 7, no longer provides that circuit judges shall receive the compensation as the Legislature "shall prescribe." Under those sections as they then read, it was reasonable to conclude that supplements must be "compensation" for those sections as well as for Wis. Const. art. IV, sec. 26. But Wis. Const. art. VII, sec. 7, no longer says anything about compensation, and Wis. Const. art. VII, sec. 10, now provides that the judges shall receive such compensation as the Legislature "may authorize by law."
With these subsequent amendments, a distinction must be drawn between the compensation "provided by the legislature" in Wis. Const. art. IV, sec. 26, and that "authorize[d] by law" in Wis. Const. art. VII, sec. 10 (2). The former is narrower and refers to the compensation the Legislature itself directs, whereas the latter is broader and includes compensation the counties are authorized to pay.
Accordingly, I conclude that any county supplement paid to a circuit judge is a part of his/her compensation which the Legislature has authorized by law within the meaning of Wis. Const. art. VII, sec. 10 (2), but that it is not "provided by" the Legislature and does not constitute a part of compensation within the meaning or for the purposes of Wis. Const. art. IV, sec. 26. Accord, State ex rel. Slinger v. Boos, 44 Wis.2d 374,380, 171 N.W.2d 307 (1969). Further, I am of the opinion that a change in one county's supplements is not subject to the requirement of Wis. Const. art. IV, sec. 26, that when a change in compensation becomes effective as to one judge it becomes effective statewide although sec. 753.071, Stats., requires that these changes have circuit-wide effect. Further, it is my opinion that an increase or a decrease in a county supplement would apply to a given judge upon the effective date of the resolution or ordinance effecting the change.
Thus, in view of the changes promulgated by ch. 449, Laws of 1977, and in view of the amendments to Wis. Const. art. IV, sec.26, and Wis. Const. art. VII, secs. 7 and 10, I see no constitutional or *Page 124 
other conflict with the authority given counties in secs. 20.923
(3m) and 753.071, Stats., to reduce judicial supplements of circuit judges within the parameters and time periods prescribed.
BCL:CDH:RJV:JPS